IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRANK RIVERA, )
          Plaintiff, )
)
vs. ) Civil Action No. 10-1599
) Judge McVerry/
PA. DEPARTMENT OF CORRECTIONS, ) Magistrate Judge Bissoon
et al., )
          Defendants. )

## **REPORT AND RECOMMENDATION**

### I.    RECOMMENDATION

It is respectfully recommended that the Plaintiff's Motion for Leave to proceed *in forma pauperis* be denied because Plaintiff has acquired three strikes.

### II.    REPORT

Frank Rivera ("Plaintiff") is a prisoner who has filed several other prisoner lawsuits in the past. As a consequence, he has, prior to the initiation of the case at bar, acquired "three strikes" within the meaning of 28 U.S.C. § 1915(g), and therefore, he is not permitted to proceed *in forma pauperis* ("IFP") in this case. Accordingly, Plaintiff's motion for leave to proceed IFP, ECF No. 3, must be denied and Plaintiff ordered to pay the filing fee within a time certain or face dismissal for failure to prosecute.

It is a plaintiff's burden to prove entitlement to IFP status. See White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001) ("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence."). Plaintiff has failed to carry that burden.

Plaintiff has accumulated at least "three strikes" within the contemplation of 28 U.S.C.

1

§ 1915(g).[1]  The Court takes judicial notice[2] of the following cases:  The first strike is Rivera v. Sobina, No. 02-295J (W.D.Pa. ECF No. 14, District Court order, adopting R&R and dismissing complaint for failure to state a claim).  The second strike is Rivera v. Sobina, No. 03-2993 (3d Cir. Judgment entered 3/3/2004 dismissing the appeal under 28 U.S.C. § 1915(e)(2)(B)).[3]  The third strike is Lester et al., v. Clymer, No. 89-cv-4287, 1989 WL 6621 (E.D. Pa. June 19, 1989).  See also Rivera v. Pa.Dept. of Corr., No. 10-4327 (3d Cir., order filed 2/2/2011) (the Court of Appeals denied Plaintiff's IFP motion after the Court of Appeals found Petitioner to have accumulated three strikes, relying on the same three strikes as this Court does herein).  Thus, at the time Plaintiff filed this suit (the date on which Plaintiff signed his complaint),[4] he had already accumulated three strikes.  See, e.g., Lopez v. U.S. Dept. of Justice, 228 F.App'x 218, 218 (2007) ("By its terms, § 1915(g) governs only the circumstances under which a prisoner may 'bring' a civil action *in forma pauperis*, which means that its impact must be assessed at the time a prisoner

---

[1]  Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001) (noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule").

[2]  DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records).

[3]  There is no bar to counting the dismissal of a case in the district court as one strike and the dismissal of the appeal therefrom as frivolous by the court of appeals as a second strike.  Hains v. Washington, 131 F.3d 1248, 1250 (7th Cir. 1997); Jennings v. Natrona County Detention Center Medical Facility, 175 F.3d 775, 780 (10th Cir. 1999) ("If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes.").

[4]  In the absence of evidence as to when a plaintiff gave his Section 1983 complaint to the prison authorities for mailing, courts generally deem the complaint to have been filed on the date a plaintiff signed his civil rights complaint.  See Henshaw v. Commissioner, Dept. of Corr., No. 99-848-SLR, 2000 WL 777868, at *3 (D. Del. June 8, 2000); Rhodes v. Senkowski, 82 F.Supp.2d 160, 165 (S.D.N.Y. 2000) ("Absent evidence to the contrary, the Court assumes that Rhodes gave his petition to prison officials for mailing on the date he signed it, February 9, 1998.").

files his or her complaint. Thus, only the strikes actually earned up to that time [i.e., at the time of the filing of the new case] are relevant.") (citations omitted).

Accordingly, Plaintiff is not permitted to proceed IFP, unless the complaint reveals that Plaintiff was in imminent danger of serious physical injury. Abdul-Akbar, 239 F.3d at 313. We measure this danger as of the time the complaint was filed. Id.

We find that none of the allegations contained in the complaint suggest that Plaintiff was in imminent danger of serious physical injury, as the allegations concern events transpiring nearly two years prior to the filing of Plaintiff's complaint, specifically between November 21, 2008, and December 28, 2008. ECF No. 1 at 1, ¶ IV.A. See also Abdul-Akbar, 239 F.3d at 313 ("Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'").

Accordingly Plaintiff's motion for leave to proceed in forma pauperis should be denied and he should be made to pay the filing fee by March 5, 2011, or face dismissal of the case for failure to prosecute without any further warning.

### III. CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1) and Local Civil Rule 72, the parties are allowed to file objections to the District Judge by February 28, 2011. Failure to timely file objections may constitute a waiver of any appellate rights in the Court of Appeals. Any party opposing the appeal may file their response to the appeal in accordance with Local Civil Rule 72.

/s Cathy Bissoon
Cathy Bissoon
U.S. Magistrate Judge

Dated: February 14, 2011

cc: The Honorable Terrence F. McVerry
United States District Judge

FRANK RIVERA
FK-9435
SCI Greene
175 Progress Drive
Waynesburg, PA 15370